UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL A. ALFARO,

    Plaintiff,

vs.                                               CASE NO. 3:99-cv-1152-J-HTS

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,[1]

    Defendant.

## O R D E R

This cause is before the Court on the Application for: Approval of Counsel's Contingency Fee Contract with Plaintiff Which Provides for a Fee of 25 Percent of Plaintiff's Past Due Benefits[ and] for an Award of Attorney's Fees Equal to 25 Percent of Plaintiff's Remaining Past Due Benefits Pursuant to 42 USC § 406(b)(1) (Doc. #34; Motion). The Motion is unopposed. *See* Defendant's Response to Plaintiff's Motion for Attorney's Fees (Doc. #38; Response).

The Motion requests the Court to award $14,456.75 in fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). Motion at 4-9. The anticipated fee would compensate counsel for 13.25 hours expended in representing Mr. Alfaro before this Court. *See id.* at

---

[1] Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

5; Affidavit of Attorney's Time, attached to the Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. #29). The $2,103.24 in fees previously granted under the Equal Access to Justice Act (EAJA), *see* Order (Doc. #31) at 2, would then be refunded to Mr. Alfaro. *See* Motion at 3, 7, 8; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) (second alteration in original)); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam). A contingency fee agreement signed by Plaintiff in 1997 states:

> If benefits are paid pursuant to a favorable decision by the Social Security Administration after remand from Federal Court, the fee will be determined as follows: 25% of the past due benefits owed Client and his or her family by the Social Security Administration, up to $4,000.00, whichever is less, for Attorney's work performed before the Social Security Administration. If 25% of past due benefits is $4,000.00 or less, there is no fee for attorney's work in Federal Court. However, if 25% of past due benefits exceeds $4,000.00, the Attorney will petition the Federal Court to approve a fee for Attorney's work in Federal Court. This fee is in addition to the $4,000.00 fee paid by the Social Security Administration. The Federal Court fee will not exceed the difference between 25% of Client's past due benefits and the $4,000.00 fee already awarded by the Social Security Administration.

Social Security Fee Agreement, attached to the Motion, at 1 (emphasis omitted).

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded. Thus, contingency fee agreements are allowed. Indeed, "any endeavor by the claimant's attorney to gain more than" an authorized "fee, or to charge the claimant a noncontingent fee, is a criminal offense." *Gisbrecht*, 535 U.S. at at 806-07. The statute "calls for court review of [contingent] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. However, the burden is on the attorney to "show that the fee sought is reasonable for the services rendered." *Id.*

Even where, as in this case, a § 406(b) petition is unopposed, *see* Response, a court is not permitted to automatically grant the requested fee. The Supreme Court acknowledged "Congress . . . sought to protect claimants against 'inordinately large fees,'" *Gisbrecht*, 535 U.S. at 805, and so "provided for a reasonable fee, not in excess of 25 percent of accrued benefits[.]" *Id.* at 804-05 (internal quotation marks omitted). Therefore, any fee awarded must both 1) be reasonable and 2) not exceed 25% of accrued benefits.[2] *Cf. Edwards v. Astrue*, No. 3:97-cv-01147-J-32, 2008 WL 360788, at *2 (M.D. Fla. Feb. 8, 2008) (explicit evaluation of

---

[2] Here, the total amount sought, once added to an expected payment of $4,000.00 for work at the administrative level, is represented to equal "[t]wenty-five percent of Plaintiff['s] past due benefits[.]" Motion at 4.

- 3 -

fee's reasonableness despite no objection); *Pearce v. Astrue*, --- F. Supp. 2d ----, 2008 WL 179022, at *1, *4 (M.D. Fla. 2008) (same); *Johnson v. Comm'r of Soc. Sec.*, No. 6:04-cv-1157-Orl-28DAB, 2007 WL 4614884, at *1, *3 (M.D. Fla. Dec. 31, 2007) (same); *Cintron v. Comm'r of Soc. Sec. Admin.*, No. 6:06-CV-1056-ORL-19UAM, 2007 WL 4482573, at *2 (M.D. Fla. Dec. 18, 2007) (same).

Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)); *see Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) ("'Since *Gisbrecht* . . . the district courts . . . have been deferential to the terms of contingency fee contracts in § 406(b) cases[.]'" (first alteration in original)(parenthetically quoting *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)). Still, other factors that relate to reasonableness include whether there was excessive delay by the attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and "the risk that the claimant would not prevail." *Coppett*, 242 F. Supp. 2d at 1383; *see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record and considered the relevant factors, the Court finds counsel has not shown the requested fee is reasonable. The award sought is large in relation to the time

invested. While the Court in no way intends to disparage the abilities or experience of Plaintiff's representative, an examination of counsel's work product herein reveals the case was not perceived as novel or complex, and only modest lawyering skills were necessary for success. *Cf. Ugorek v. Astrue*, No. 3:04-cv-1119-J-TEM, 2008 WL 169737, at *5 (M.D. Fla. Jan. 17, 2008) (considering complexity "[i]n accordance with *Gisbrecht*"); *Johnson v. Barnhart*, Case No. 3:03-cv-68-J-MMH, Doc. #36 at 9 (M.D. Fla. Jan. 12, 2007) (unpublished decision) (hereinafter Johnson Order) (citing *Roark v. Barnhart*, 221 F. Supp. 2d 1020, 1023 (W.D. Mo. 2002) and *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) for relevance of novelty and complexity). For example, in Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #23; Memorandum), two issues, both commonly recurring, were raised. In regard to the first, application of the Eleventh Circuit pain standard, Claimant's attorney asserted the Administrative Law Judge (ALJ) "explicitly rejected" his client's "credibility with no evidentiary basis for doing so." Memorandum at 10. The remainder of the "argument" consisted almost entirely of lengthy, unannotated quotes from various documents of record followed by a recitation of the familiar legal standard. *See id.* at 11-17.

In considering the pain standard/credibility issue, the Court was able to use Plaintiff's brief only as a starting point, relying

instead on its own analysis of the ALJ's Decision. *See* Opinion and Order (Doc. #25; Opinion) at 5-8. Likewise, the second issue raised, whether the judge failed to consider impairments in combination, was presented in skeletal form. The conclusion urged was repeated three times, *see* Memorandum at 18-20, and authority was summarized, but again the task of analyzing the particular language of the Decision was left for the Court. *See* Opinion at 9-10.

As it does not appear Plaintiff's attorney was responsible for excessive delay, the award need not be restricted on this basis. However, given all the circumstances, granting fees in the amount requested would result in a windfall and would be unreasonable in relation to the services rendered. Mr. Alfaro's attorney has attached to his Motion the Declaration of Lawrence Kenny, Ph.D., in an attempt to establish "a base rate of $575 per hour[,]" but the Court finds this rate unreasonable. *Cf.* Johnson Order at 12. In this Court's experience, a reasonable hourly rate in federal Social Security cases is closer to $200.00 - $250.00. Thus, using a rate of $250.00 per hour, multiplied by 2.5 to account for "the contin[g]ent nature of the representation," *id.* at 13; *cf. Ugorek*, 2008 WL 169737, at *5 (2.25 multiplier), would result in a fee of $8,281.25. While the Court appreciates the willingness of attorneys to represent those in need on a contingent basis, and although it is mindful of the long delays in payment sometimes

encountered in such situations, under the circumstances presented in this case a fee of $8,300.00 would be entirely reasonable.

In light of the above discussion, the Motion (Doc. #34) is **GRANTED** to the extent counsel for Plaintiff may receive $8,300.00 in attorney's fees. The $2,103.24 awarded under EAJA, *see* Order (Doc. #31), is to be refunded to Plaintiff. The Clerk of the Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of March, 2008.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
     pro se parties, if any